IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS RAKESTRAW, #27612-177, | § § | |
| Movant, | § § | |
| | § | No. 3:22-cv-00832-M (BT) |
| v. | § § | No. 3:17-cr-00469-M-1 |
| UNITED STATES of AMERICA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Demarcus Rakestraw, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Rakestraw's § 2255 motion.

I.

Rakestraw pleaded guilty to (i) possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and (ii) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On January 28, 2020, the District Court sentenced him to a total term of 135 months' imprisonment, a bottom-of-the-guidelines sentence.

Rakestraw appealed to the Fifth Circuit Court of Appeals. His appellate attorney moved for leave to withdraw and filed briefs in accordance with *Anders v. California,* 386 U.S. 738 (1967), and *United States v. Flores,* 632 F.3d 229 (5th Cir. 2011). The Fifth Circuit concurred with counsel's assessment that the appeal presented no nonfrivolous issues for appellate review and dismissed the appeal. *United States v. Rakestraw,* 842 F. App'x 953 (5th Cir. 2021) (per curiam).

Rakestraw then filed his § 2255 motion (ECF No. 2), in which he argues that his attorney should have challenged his felon-in-possession charge on the basis the firearm was not in or affecting commerce when he possessed it. The Government responds that his argument is based on a mistake regarding the relevant law, and he has failed to show ineffective assistance of counsel. Rakestraw did not file a reply.

II.

In his sole claim, Rakestraw argues that his attorney provided ineffective assistance of counsel when he failed to challenge the Government's "assertion that the firearm need not be proven to be in commerce at the time of the offense." Mot. 4 (ECF No. 2). He further argues that this was error because a § 922(g) conviction requires the Government to show the firearm in question was "in or affecting commerce at the time of the offense." *Id.* Rakestraw concludes that the Government "cannot satisfy this essential element of section 922(g)," and due to his attorney's deficient

2

performance, he is now serving a sentence "for which he is ineligible to serve." *Id.*

A.

To prevail on a claim of ineffective assistance of counsel, Rakestraw must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Under *Strickland*, a court's review of counsel's performance should be "highly deferential." 466 U.S. at 698. This is so because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[.]" *Id.* at 689. And "[g]iven the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *see also United States v. Scott*, 11 F.4th 364, 373 (5th Cir. 2021) (recognizing there are "countless ways to provide effective assistance in any given case") (quoting *Strickland*, 466 U.S. at 689).

3

Even if Rakestraw proves his counsel's performance was deficient, he must still prove prejudice. To demonstrate prejudice, he must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

B.

It is unlawful for a convicted felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). The requirement that the firearm in a § 922(g)(1) conviction traveled "in or affecting commerce" is met when the firearm previously traveled in interstate commerce. *United States v. Fitzhugh*, 984 F.2d 143, 146 (5th Cir. 1993) ("[A] convicted felon's possession of a firearm having a past connection to interstate commerce violates § 922(g)(1)."); *see also United States v. Penn*, 969 F.3d 450, 459 (5th Cir. 2020) ("We have held that the 'in or affecting commerce' element is satisfied if the firearm had 'a past connection to interstate commerce.'") (quoting *Fitzhugh*, 984 F.2d at

146); *United States v. Hernandez*, 841 F. App'x 736, 737 (5th Cir. 2021) (per curiam) (citing *Fitzhugh*, 984 F.2d at 146).

If Rakestraw's attorney had argued that § 922(g)(1) required the firearm in his case to be "in or affecting commerce" at the time of his offense, it would have been a frivolous argument. But the failure to raise a meritless argument cannot support an ineffective assistance of counsel claim. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (counsel cannot be found deficient for failing to press a frivolous argument); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (counsel is not required to make frivolous arguments). For this reason, Rakestraw has failed to show deficient performance and prejudice. His claim fails under both prongs of the *Strickland* standard, and it should be denied.

### III.

The District Court should DENY Rakestraw's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed July 28, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

5

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996)